*Spinner Consulting LLC v. Stone Point Capital LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-one.

PRESENT:
>  RICHARD C. WESLEY,
>  SUSAN L. CARNEY,
>  WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

SPINNER CONSULTING LLC,

>  *Plaintiff-Appellant,*

>  v.                                                            No. 20-3355

STONE POINT CAPITAL LLC,

>  *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          WILLIAM DUNNEGAN (Laura Scileppi, *on the brief*), Dunnegan & Scileppi LLC, New York, NY.

FOR DEFENDANT-APPELLEE:          JONATHAN M. HERMAN (Kaleb McNeely, *on the brief*), Dorsey & Whitney LLP, New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 30, 2020, is **AFFIRMED**.

Spinner Consulting LLC ("Spinner") appeals from the dismissal of its complaint alleging that Stone Point Capital LLC ("Stone Point"), a private equity firm, participated in a conspiracy to fix the price of certain bankruptcy support services. Spinner alleges that Stone Point caused one of its funds to acquire a controlling stake in Bankruptcy Management Solutions, Inc. ("BMS"), in order to participate in a previously established horizontal price-fixing conspiracy between BMS and its competitors in the bankruptcy support services market, and that Stone Point subsequently directed BMS's continued participation in the alleged conspiracy. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

To state a price-fixing conspiracy claim under section one of the Sherman Act, plaintiffs must plead "enough factual matter (taken as true) to suggest that an agreement was made." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).[1] To meet this requirement and state a "plausible" claim to relief, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Id.* The parallel conduct "must be placed in a context that raises a suggestion of a preceding agreement." *Id.* at 557. The same is true for antitrust claims brought under Connecticut and California law. *See* Conn. Gen. Stat. § 35-44b ("It is the intent of the General Assembly that in construing sections 35-24 to 35-46, inclusive, the courts of this state shall be guided by interpretations given by the federal courts to federal antitrust statutes."); *Reserve Realty, LLC v. Windemere Reserve, LLC*, 335 Conn. 174, 185-86 (2020) (explaining that § 35-26 "was patterned after federal antitrust law" and that, as

---

[1] Unless otherwise indicated, this Summary Order omits internal quotation marks, alterations, citations, and footnotes in text quoted from caselaw.

directed by Conn. Gen. Stat. § 35-44b, the court would analyze a § 35-26 claim based upon the law governing claims under Sherman Act § 1); *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1131 n.5 (9th Cir. 2015) (affirming dismissal of Cartwright Act claim based upon proper dismissal of Sherman Act horizontal conspiracy claim because "the analysis under the Cartwright Act is identical to that under the Sherman Act"); *In re Auto. Antitrust Cases I & II*, 204 Cal. Rptr. 3d 330, 351 n.15 (Cal. Ct. App. 2016) ("In antitrust actions brought under the Cartwright Act, we look to interpretations of its federal law counterpart, the Sherman Antitrust Act . . . .").

On de novo review, we conclude that Spinner's complaint fails to plausibly allege Stone Point's participation in a horizontal price-fixing conspiracy. Spinner's complaint is devoted almost entirely to describing the conduct of BMS and its competitors. It outlines a price-fixing conspiracy allegedly begun by BMS and its competitors sometime before 2011, and claims that Stone Point learned of and chose to join the conspiracy by acquiring BMS between May 2016 and April 2017. Spinner's primary non-conclusory allegation regarding Stone Point is that Stone Point directed BMS to continue using the pricing model purportedly established as part of the conspiracy between BMS and its competitors—and which had been in place for approximately six years before Stone Point's acquisition of BMS.[2]

Even assuming *arguendo* that Spinner plausibly alleged that this pricing model was established in a conspiracy involving BMS and its competitors, Stone Point's later support

---

[2] Spinner concedes that it cannot state a price-fixing claim against Stone Point based upon the conduct of BMS alone. *See In re Publ'n Paper Antitrust Litig.*, 690 F.3d 51, 69 (2d Cir. 2012) (affirming grant of summary judgment to corporate parent where plaintiffs "failed . . . to offer any concrete evidence in support their theory" and where "the record [was] devoid of evidence that [corporate parent] had any direct involvement in decisions regarding the marketing, sale, or pricing of publication paper in the United States"); *see also Precision Assocs., Inc. v. Panalpina World Transp., (Holding) Ltd.*, No. CV-08-42 (JG) (VVP), 2013 WL 6481195, at *15 (E.D.N.Y. Sept. 20, 2013), *report and recommendation adopted*, No. 08-CV-00042 (JG) (VVP), 2014 WL 298594 (E.D.N.Y. Jan. 28, 2014) (explaining that it "is undisputed that conclusory allegations that an affiliate joined a conspiracy are insufficient to allege that the affiliates entered into the conspiratorial conduct" and that "a parent and a subsidiary will not be held equally liable when one of them participates in antitrust misconduct where there is no evidence that both were involved in the challenged conduct").

for continuing that pricing model—by then established in the market—amounts at most to an allegation of parallel conduct. Beyond this allegation, Spinner's complaint does little more than make "a bare assertion" of Stone Point's participation in the purported conspiracy. *Twombly*, 550 U.S. at 556. Accordingly, the complaint fails to state a horizontal price-fixing claim against Stone Point under either federal or state law.

\* \* \*

We have considered Spinner's remaining arguments on appeal and find in them no basis for reversal. According, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4